## DAY v. STATE.   (7 Div. 868.)

(Court of Appeals of Alabama.   June 30, 1923.)

**Criminal law** ⬅⟞202(3)—**Conviction for possessing liquor held not valid plea in bar in prosecution for possessing still.**

In a prosecution for possessing a still, a plea of a prior conviction for possessing liquors made by defendant at this still *held* not a valid plea in bar, as, under Laws 1919, p. 1086. possessing liquor and possessing a still are different offenses.

Appeal from Circuit Court, Cleburne County; A. P. Agee, Judge.

Major Day was convicted of violating the prohibition law, and he appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State. No brief reached the Reporter.

SAMFORD, J. The indictment as returned by the grand jury contained two counts. The first charged manufacturing whisky and the second possessing a still. The state entered a nol. pros. as to the first count, and the trial proceeded to judgment on the second. To this count defendant pleaded in bar that he had theretofore, in a court of competent jurisdiction, been prosecuted and convicted on a charge of possessing prohibited liquors, and that the whisky found in his possession was made by him on the still of which he is in this case charged with having in his possession. This plea was demurred to, and the demurrer sustained. The state offered evidence tending to establish the guilt of the defendant, and the defendant admitted possession of the still.

By Acts of the Legislature 1919, p. 1086, the possession of a still to be used for the purpose of manufacturing prohibited liquors is made a crime, separate and distinct from any other of the offenses included in the various prohibition laws of the state. The defendant ex necessitate possessed the still before he possessed the liquor and the fact that he manufactured liquor on, in or by it did not and could not render him guiltless of its possession. Besides the possession of manufactured whisky is an entirely distinct and different crime from the offense of possessing a still. The distinction is too obvious for argument.

There is no error in the record, and the judgment is affirmed.

Affirmed.