## DUDLEY v. STATE. (5 Div. 485.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

**1. Receiving stolen goods ⬥⟿2—Ownership of seized still held properly laid in sheriff, whose possession was not unlawful.**

Notwithstanding Acts 1919, p. 12, § 12, which declares that the worm of a still is contraband, yet in view of Acts 1919, p. 1086, § 5, providing that possession of a still taken by persons enforcing the law shall not be in violation of the act, a sheriff's possession of a seized still is not unlawful.

**2. Receiving stolen goods ⬥⟿7(5)—Ownership laid in person in possession.**

In prosecution for receiving stolen property, ownership is properly laid in the party in possession.

**3. Larceny ⬥⟿8—Taking copper worm in sheriff's possession larceny.**

Felonious taking and carrying away of copper worm of a still seized by the sheriff, while in his possession at his office, is larceny.

**4. Criminal law ⬥⟿290 — Former conviction only available under plea of former jeopardy.**

In prosecution for receiving copper worm of a still, the defense that defendant had theretofore been convicted for violation of prohibition law, on evidence which showed he had in his possession the copper worm involved in the present prosecution, and therefore could not be convicted for receiving stolen property, the property being the same, was not available, under plea of not guilty, but only, under a special plea of former jeopardy.

**5. Criminal law ⬥⟿200(4)—Possessing still and receiving part of still as stolen property distinct offenses.**

Where defendant was convicted of violating the prohibition law on evidence showing possession of a copper worm as part of a still and later prosecuted for receiving the copper worm as stolen property, the offenses of receiving stolen property and having in possession a still being distinct, state could prosecute for each under separate indictments.

**6. Criminal law ⬥⟿516, 517(3)—Proper predicate not laid to show confession voluntary.**

In prosecution for receiving stolen goods, where conversations occurring three hours after arrest were not part of the res gestæ, statement by defendant that "a fellow has to get caught some time" was in the nature of a confession, and it was error to admit it without proper predicate to show that it was voluntary.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

W. L. Dudley was convicted of buying, receiving, etc., stolen property, and he appeals. Reversed and remanded.

Frank M. de. Graffenried, of Seale, for appellant.

The property in question was contraband, and no property right could be had therein. Acts 1919, p. 6. A defendant cannot be prosecuted for two offenses growing out of the same act. Johnson v. State, 12 Ala. 840, 46 Am. Dec. 283; Foster v. State, 39 Ala. 234; Drake v. State, 60 Ala. 44; Gordon v. State, 71 Ala. 315; Walkley v. State, 133 Ala. 188, 31 South. 854; Mitchell v. State, 16 Ala. App. 635, 80 South. 730. Contradictory statements with reference to a collateral matter are not sufficient for the purposes of im-

peachment. Brown v. Brown, 200 Ala. 554, 76 South. 912.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The possession which defendant had did not exclude the possession of the pipe by the sheriff. Williams v. State, 18 Ala. App. 286, 92 South. 28; Harbin v. State, 210 Ala. 55, 97 South. 426; Acts 1919, p. 1086. It was sufficient if the possession by the sheriff was as agent or bailee. 1 Mayf. Dig. 577; 5 Mayf. Dig. 604. In order for one conviction to bar another the offenses must be identical. McCrosky v. State, 17 Ala. App. 523, 87 South. 219; Holcomb v. State, ante, p. 24, 94 South. 917; Day v. State, ante, p. 307, 97 South. 117.

FOSTER, J. The indictment contained three counts: The first charging burglary; the second, grand larceny; the third, buying, receiving, concealing, etc., stolen property, knowing that it had been stolen, and not having the intent to restore it to the owner. The defendant was convicted under the third count.

The property alleged to have been stolen was a copper worm, a component part of a still, which had been captured by one Ragland, the then sheriff of Russell county, and which copper worm was taken by the sheriff to his office in the courthouse, from which place it was stolen in the nighttime by some one effecting an entrance through the window of the office.

A few months after the copper worm was taken from the sheriff's office, the defendant was found at a still in Russell county of which the same copper worm was a part, and was later convicted of having in his possession said still.

[1] The ownership of the copper worm was laid in H. T. Ragland. It is contended by defendant's counsel that the copper pipe in question, being the worm of a still, was not the property of H. T. Ragland, and that said copper pipe seized by the sheriff was contraband, and that no one had any property rights therein. Acts of Alabama 1919, p. 6 (see page 12, § 12).

It is expressly provided by section 5, Acts 1919, p. 1086, that the possession of any still, apparatus, or appliance taken by the sheriff or other person in enforcing the law of this state shall not be in violation of this act.

[2] The possession of the sheriff was not an unlawful possession. The possession by the sheriff does not necessarily carry with it the legal title. The ownership of property stolen is properly laid in the party in possession. Fowler v. State, 100 Ala. 96, 14 South. 860.

One who has received a pistol from the state to keep until demanded has such a special property in it as will sustain an allegation in the indictment for the larceny of the pistol that it was his property. Jones v. State, 13 Ala. 153.

If a sheriff should seize at a still 100 sacks of sugar, which was there to be used in the manufacture of prohibited liquors, and instead of destroying the sugar at the still should take all or part of it to his office at the courthouse, to be used as evidence on the trial of the accused party, it could not be contended that the felonious taking and carrying away of that sugar would not constitute larceny.

[3] The felonious taking and carrying away of the copper pipe or worm of the still seized by the sheriff, while in his possession at his office, is larceny.

[4] It is insisted by the defendant's counsel that, as the defendant has heretofore been convicted for the violation of the prohibition law, upon evidence which showed that he had in his possession the identical still of which the copper pipe or worm involved here was a component part, he cannot be convicted in this case for receiving stolen property; the property alleged to have been stolen being the same copper pipe or worm which was part of the still he was convicted of possessing.

If this position were tenable, the defendant cannot have the benefit of it under his plea of not guilty, but should have filed a special plea setting up former conviction.

[5] The offenses of receiving stolen property, etc., and having in possession a still are distinct and different offenses, and the state may prosecute for each under separate indictments.

However closely connected in point of fact the offenses may be, if in contemplation of law they are distinct and different offenses there is no protection against a prosecution for both, except in cases where the state elects to prosecute for them as but one offense. Gordon v. State, 71 Ala. 315.

[6] Timely objection was made by the defendant to the following question, propounded to him by the solicitor on cross-examination:

"When Jack brought you to Mr. Ragland, didn't you tell him, when he told you he had caught you at last, 'Well, a fellow has to get caught some time?'"

Ragland, a witness for the state, testified in rebuttal over objection of the defendant that the statement inquired about was made by defendant to him. The conversation occurred three hours after the arrest of the defendant, and was not part of the res gestæ. The statement was in the nature of a confession. Before a confession can be received in evidence, it must be shown that it was voluntary. 1 Mayf. Dig. 204, par. 3. A proper predicate was not established to show that the confession was voluntary and the court erred in admitting it in evidence.

For the error pointed out, the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.