(102 So. 148)

### NOBLES v. STATE. (4 Div. 999.)

(Court of Appeals of Alabama. Nov. 18, 1924.)

**1. Intoxicating liquors ⬤238(1)—Refusal of general charge proper where evidence makes jury question.**

Where evidence was sufficient to submit questions to jury, refusal of general charge was proper.

**2. Criminal law ⬤202(3)—Testimony concerning former conviction for possessing whisky, irrelevant.**

In prosecution for manufacturing whisky and possessing still, evidence offered by accused of prior conviction for possession of whisky at same time and place was irrelevant and immaterial, the offenses being separate and distinct.

**3. Criminal law ⬤1170(4)—Exclusion of testimony tending to show interest of witness, if error, held cured by other testimony of same witness.**

In prosecution for manufacturing whisky and possessing still, error, if any in excluding testimony that state's witness had voluntarily gone before grand jury, was cured later by testimony of such witness, he did not know whether he had summons to appear before grand jury.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Wilson Nobles was convicted of manufacturing whisky and possessing a still, and he appeals. Affirmed.

A. G. Seay, of Troy, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] There was sufficient evidence upon which to submit the questions involved to the jury. The general charge as requested was properly refused.

[2] The defendant made an effort to introduce evidence tending to prove that he had already been arrested, tried, and convicted on a charge of possessing whisky at the same time and place as that covered by the indictment in this case. This testimony was irrelevant and immaterial. Under the law the possession of the whisky, and the

manufacture of whisky or the possession of a still are separate and distinct offenses. Day v. State, 19 Ala. App. 307, 97. So. 117.

[3] The defendant also offered to show on cross-examination that Connell, one of the principal state's witnesses, had voluntarily gone before the grand jury as tending to show interest. Under the recent case of Ex parte Andy Herring v. State (Ala. Sup.) 101 So. 636,[1] this testimony might be admissible, but even so, if its exclusion was error, such error was cured later by this same witness testifying that he did not know whether he had a summons to appear before the grand jury or not.

We find no error in the record, and the judgment is affirmed.

Affirmed.

