**LYNN v. STATE.   (6 Div. 430.)**

(Court of Appeals of Alabama.   April 7, 1925.
Rehearing Denied May 12, 1925.)

**1. Robbery 26—Conflict in testimony held to present jury question.**

Conflict in testimony in prosecution for robbery *held* to present question for determination of jury.

**2. Criminal law 200(4)—Conviction for violating prohibition laws not bar to prosecution for robbery.**

Conviction for violating the prohibition laws, though alleged in plea of former conviction to have been based on same matters alleged in subsequent prosecution for robbery, does not constitute a former conviction; being for another and separate offense.

**3. Witnesses 389—Questioning and contradicting defendant as to statements made by him held not error.**

Cross-examining defendant in robbery prosecution, as to whether he did not swear that he had trouble about some liquor and some money, and that liquor was outlawed stuff, and if he did not ask officers who arrested him what they had him for, and told them they had him for some trouble down at T., and permitting such officers to testify in rebuttal that defendant made such statement, *held* not error.

**4. Constitutional law 257—Required that accused be tried according to law and evidence in case; "due process of law."**

In all criminal prosecutions, accused cannot be deprived of life, liberty, or property except by "due process of law," which means that he shall be tried according to law and evidence in case.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Due Process of Law.]

**5. Criminal law 1186(4) — Conviction not reversed for unfair argument of solicitor, in view of overwhelming evidence of defendant's guilt.**

Though argument of state solicitor as to defendant's failure to put certain witnesses he had subpœnaed on the stand unfair and of doubtful propriety, *held*, under Code 1907, § 6264, and Supreme Court rule 45, not to require reversal, where overwhelming trend of testimony tended to show guilt of defendant.

**6. Criminal law 763, 764(7)—Requested charge held properly refused.**

Where overwhelming trend of testimony tended to show defendant's guilt, requested charge that, if jury believed evidence beyond all reasonable doubt, they should acquit defendant, was properly refused.

**7. Criminal law 830—Requested charges, which were either abstract, or did not state correct propositions of law, properly refused.**

Requested charges, which were either abstract or did not state correct propositions of law, were properly refused.

Appeal from Circuit Court, Bessemer Division, Jefferson County; J. C. B. Gwin, Judge.

B. C., alias Red, Lynn was convicted of robbery, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Lynn, 214 Ala. 77, 106 So. 347.

The indictment is as follows:

"The grand jury of said county charges that, before the finding of this indictment, B. C. Lynn, alias Red, whose name to the grand jury is otherwise unknown, feloniously took $50 in lawful currency of the United States of America, a further description being to the grand jury otherwise unknown, the property of Benton Burchfield from his possession and against his will, by violence to his person, or by putting him in such fear as unwillingly to

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

part with the same, against the peace and dignity of the state of Alabama."

Defendant's plea of former conviction is as follows:

"Comes the defendant for special plea, and says the state ought not to further prosecute this indictment against him, because on, to wit, October 23, 1923, at a regular term of this honorable court, on, to wit, February 5, 1922, a prosecution by warrant and affidavit against this defendant under a charge of violating the prohibition laws of the state of Alabama following said warrant and affidavit aforesaid, to wit, October 23, 1923, in this honorable court the defendant was put upon trial by said court, on said charge and said process, and was duly convicted and sentenced, which the defendant alleges was based upon and is of the same matters and transactions as is alleged in this indictment or prosecution of which he is now charged. All of which the defendant is ready to verify, and prays judgment that he should be discharged as to the present indictment."

To this plea the state demurred on the grounds, substantially, that the facts alleged in said plea do not constitute former conviction of this defendant for the offense here charged; that the plea shows on its face that this defendant was heretofore tried and convicted of another and separate offense from that here charged.

These charges were refused to the defendant:

"(1) The court charges the jury that, if you believe the evidence beyond all reasonable doubt in this case, it is your duty to acquit the defendant.

"(2) The court charges the jury that you cannot convict the defendant, for the reason that there has been no definite denomination of legal money proved as alleged in the indictment.

"(3) The court charges the jury that there is a fatal variance in this case, in the allegations of the indictment and the proof in this case, and it is your duty to acquit him.

"(4) The court charges the jury that you cannot consider the confessions as deposed to by Officers Mullins and Reeder and Lamb, as these were statements and confessions made while the defendant was a prisoner and not shown to have been free from intimidations of his confinement in jail, and it is your duty to disregard such statements."

Pinkney Scott, of Bessemer, for appellant.

The indictment does not sufficiently describe the property. Croker v. State, 47 Ala. 53; Wesley v. State, 61 Ala. 282. Defendant's plea was not subject to demurrer. Code 1907, p. 842, form 5; Baysinger v. State, 77 Ala. 62; Hall v. State, 134 Ala. 114, 32 So. 750. The remarks of the solicitor in his argument to the jury constituted reversible error. Gandy v. State, 81 Ala. 68, 1 So. 35; Jones v. State, 115 Ala. 67, 22 So. 566; Sou. Ry. v. Hobbs, 151 Ala. 352, 43 So. 844; Mann v. State, 134 Ala. 20, 32 So. 704.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The plea of former conviction was not sufficient, failing to allege the offenses were identical. Holcomb v. State, 208 Ala. 698, 94 So. 917. There is no error in the record.

BRICKEN, P. J. From a judgment of conviction for the offense of robbery and a sentence of 10 years' imprisonment in the penitentiary, defendant appeals.

[1] The evidence in this case discloses without dispute or conflict that Benton Burchfield, the alleged injured party named in the indictment, was robbed of the sum of $50 in lawful currency of the United States of America; that is to say, that the said sum of money was feloniously taken from his possession and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same.

The indictment charges that this defendant committed the act complained of, and the vital question is whether or not the crime was committed by the defendant. Several witnesses gave testimony which tended to show that this defendant and another white man, one Chapin, held pistols upon Burchfield and took the money away from him, representing at the time that they were officers of the law. There was also evidence of inculpatory statements by defendant, voluntarily made; and the defendant was shown without dispute to be a man of general bad character. On the other hand, the defendant denied that he was the man who robbed Burchfield, and also denied that he made the statements attributed to him. He also offered the testimony of one Monicue Morris, colored, to the same effect. This conflict in the testimony presented a question for the determination of the jury.

[2] There is no merit whatever in the motion to quash the venire. The demurrers to the indictment were also properly overruled; and, for the reasons stated as grounds of demurrer to the plea of autrefois convict, the demurrers to said plea were properly sustained.

The record is replete with innumerable objections and exceptions, and, while each of the exceptions has been examined and considered, as the law requires, we shall not attempt a detailed discussion in this connection, as no good purpose could be subserved by so doing, and to undertake a discussion of the insistencies of error here made would extend this opinion beyond bounds, and would of necessity entail upon this court arduous and unnecessary labor.

[3] Defendant offered himself as a witness in his own behalf, and upon cross-examination was asked by the state:

"Q. I will ask you if you didn't swear down there that you had had trouble down there at

Burchfield about some liquor and some money, and that the liquor was outlawed stuff, and you would like to see them sons of bitches do anything with you about it?"

Defendant answered:

"I did not."

And further testified:

"It is not a fact that in coming from Birmingham in the automobile with Reeder and Mullins that I first asked them what they had me for, or that they told me they didn't know, or that I told them that I knew what they had me for, that they had me for some trouble down at Taylors Ferry, that I did that that son of bitches liquor down there and that liquor was outlaw stuff and that I would like to see them do something with me—I didn't tell them any such thing."

He also testified on cross-examination that "he had had no trouble with Mullins and Reeder." The above questions and answers were over the defendant's objections and exceptions, and defendant also excepted to the rulings of the court in allowing said witnesses Reeder and Mullins to testify in rebuttal that defendant did make such statement. There was clearly no error in any of these rulings, and the insistence of appellant in this connection cannot be sustained.

[4, 5] On further cross-examination of defendant, and over his objection and exception, the following occurred:

"Q. Do you know these officers you had summoned down here from Birmingham? Ans. Why, yes, sir; I know them when I see them.

"Q. You used to work with them on the force up there? Ans. No, sir; the names of the officers I had summoned down here are these—one is named Disheroon and the other is named Mr. Walker and the other Mr. Green; I don't know their initials."

In this connection the following is shown by the record:

"Thereupon the case was argued to the jury by counsel for both the state and the defendant, and during the course of the solicitor for the state's closing argument, he argued the following: 'I asked him who those witnesses were, and he said Disheroon, and Walker and Green, and after they got down here he didn't put them on the stand, but he swore that he had summoned them.' Thereupon the defendant objected to said argument of the solicitor, and moved to exclude it from the jury, on the ground that it was highly inflammatory to the jury, and is taking advantage of the defendant, because the defendant didn't put those witnesses on the stand, and didn't vouch for them; that they were state's witnesses, put on the stand for the state, and testified for the state. The court overruled said motion, and to this action of the court the defendant there and then, in open court, duly reserved an exception."

That this argument was not necessary to a conviction in this case is apparent. That it was unfair and of doubtful propriety cannot be doubted. That it had no place in this trial is manifest, for a defendant may in all good faith cause a subpœna to issue to witnesses from whom he expects to secure evidence favorable to his cause. The fact that he was mistaken, and that the testimony of the witnesses was adverse rather than favorable, and he failed to put them on the stand for that reason, should not be emphasized in argument or otherwise; nor should it be referred to, or considered in order to injuriously affect the substantial rights of the defendant. The fundamental law is that, in all criminal prosecutions, the accused shall not be deprived of life, liberty, or property except by due process of law; and due process of law means that he shall be tried according to the law and evidence in the case. However, here we are not prepared to predicate reversible error on the rulings of the court in this connection, for the reason of the overwhelming trend of the testimony tending to show the guilt of the defendant as charged, and we cannot say that we are satisfied that injury resulted to defendant in this connection, or that it prejudiced the jury against him. Code 1907, § 6264; Sup. Ct. rule 45.

After duly considering each and every exception reserved to the rulings of the court upon the admission and exclusion of the testimony, we are not willing to predicate reversible error upon any of them. We think in such instances as error may appear that such error did not injuriously affect the substantial rights of the defendant. Code section supra. This section of the Code provides that this court must consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands. But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant.

[6] From what has been said, charge 1 was refused without error.

[7] There was no error in refusing charges 2, 3, and 4, requested by defendant. They were either abstract or do not state correct propositions of law.

After a consideration of the entire case, we find no error of a reversible nature, and as a consequence the judgment appealed from is affirmed.

Affirmed.