(106 So. 347)

## RIKARD v. STATE. (1 Div. 616.)

(Court of Appeals of Alabama. June 9, 1925. Rehearing Denied Nov. 3, 1925.)

Criminal law ⬅➡200(4)—Conviction for possessing liquor not valid plea in bar in prosecution for possessing still.

In prosecution for possessing a still, plea of former conviction for possessing liquor, made in same still of which defendant is now charged with having in his possession, *held* not a valid plea in bar, as possessing liquor and possessing a still are different offenses.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Ed Rikard was convicted of violating the prohibition laws, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Rikard, 214 Ala. 62, 106 So. 347.

Hybart & Hare, of Monroeville, for appellant.

Defendant's plea in bar was a complete answer to the indictment. Jones v. State, 19 Ala. App. 600, 99 So. 770.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The indictment in this case contained two counts, and charged the defendant in the first count with the offense of distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. Count 2 charged that he did manufacture, sell, give away, or have in his possession, a still, apparatus, appliance or other device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law.

The judgment entry shows that the first count of the indictment was nol prossed, and that the defendant was arraigned under count 2 of the indictment only. As an answer to said count, the defendant interposed special pleas in bar, the substance of which was to the effect that he had theretofore, in a court of competent jurisdiction, been prosecuted and pleaded guilty on the charge of possessing prohibited liquors, and that the liquor in question was made by him on the same still of which he is charged in this case with having in his possession, etc. The state

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

demurred to said pleas, and the court sustained the demurrers.

As there is direct authority on this proposition, we must hold that the pleas were no answer to this indictment, and the court properly sustained the demurrers thereto. Day v. State, 19 Ala. App. 307, 97 So. 117, appears to be exactly in point with the case at bar. Upon authority of the Day Case, supra, the judgment appealed from here is affirmed; this being only question presented by the record upon which this appeal is predicated.

Affirmed.