168 So. 700

### HANSON v. STATE.

· 7 Div. 382.

Supreme Court of Alabama.

May 14, 1936.

Rehearing Denied June 18, 1936.

586

McCord & McCord, of Gadsden, for petitioner.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

FOSTER, Justice.

It is urged that the Court of Appeals did not give effect to their opinion in the case of Hurst v. State, 24 Ala.App. 47, 129 So. 714, in holding that the plea of former jeopardy was subject to demurrer.

The pleas in the two cases are practically the same, except as disclosed by the indictment made an exhibit in each case. In the Hurst Case, supra, defendant was on trial for killing one Farmer, and the indictment copied in the plea showed that the former trial was on an indictment for killing one Dewy. The plea alleged that they both were based on the same matter and transaction. The court properly held that the killing might be but one transaction and an indivisible crime; and if the state contended otherwise, it should take issue on the plea alleging that it was but one matter or transaction.

In this case the defendant is charged with manufacturing whisky. And while the plea alleges that his former trial on a charge of murder was based on the same matter and transaction as that now charged for manufacturing whisky, it shows on its face that the two offenses cannot be united in one; that the one act could not have produced the two crimes, and that the Court of Appeals was correct in holding the plea subject to demurrer, because the face of the plea contradicted its allegation that the crimes were but one act. The crime of manufacturing whisky is distinct from that of murder, though the latter may have been committed while the act of manufacturing whisky is also done. The principle is given effect in numerous cases: Rikard v. State, 21 Ala.App. 160, 106 So. 347, certiorari denied Ex parte Rikard, 214 Ala. 62, 106 So. 347; Lynn v. State, 21 Ala.App. 2, 106 So. 344, certiorari denied 214 Ala. 77, 106 So. 347; Dudley v. State, 19 Ala.App. 519, 98 So. 490; Day v. State, 19 Ala.App. 307, 97 So. 117.

It is also claimed that this defendant cannot be convicted on account of any conspiracy to manufacture whisky, which the evidence may show in this record, since his guilt of murder was also dependent upon the same conspiracy, and his acquittal of murder was an acquittal of a charge of conspiracy to manufacture whisky.

But the contention, even if we should agree that the record presented it in the Court of Appeals, and here on review, loses sight of the principle that the judgment of acquittal is of a different offense as a whole, and not of each element of it, which may be also an element of some other offense. Neither offense includes the other, though they have some common element. They also have some which are not in common. A judgment of acquittal on a trial for an offense is only conclusive that the offense was not committed, but not that each of its elements did not exist.

Hall v. State, 134 Ala. 90, 32 So. 750; State v. Schmidt, 92 Kan. 457, 140 P. 843; State v. Rose, 89 Ohio St. 383, 106 N.E. 50, L.R. A.1915A, 256.

■ Many questions are argued which involve an inquiry into conclusions of fact drawn by the Court of Appeals from the record. They are not subject to review as we have often pointed out.

We do not see anything in the opinion of the Court of Appeals which is not in accord with what we think is correct as a statement of the law or its application.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.