1 So.2d 606

**CONNELLY v. STATE.**

I Div. 361.

Court of Appeals of Alabama.

Feb. 18, 1941.

Rehearing Denied March 18, 1941.

Bart B. Chamberlain, Jr., of Mobile, for appellant.

92

SIMPSON, Judge.

The defendant appeals from a conviction of conspiracy to violate Section 4279 of the Code, 1923, which denounces as a crime the carrying on of the business of book-making or pool selling.

█ The defendant first sought discharge at the trial by interposing a plea of former acquittal, which plea alleged a previous trial and acquittal in the same court under a charge of the actual violation of said Section 4279. Demurrers were properly sustained thereto, it appearing from the face of said plea that the two offenses are not the same, nor would the facts necessary to convict on the second prosecution have necessarily convicted on the first. The two criminal acts are not identical in law or fact, and prosecution of the first did not bar a proper prosecution of the second. 22 C.J.S., Criminal Law, p. 432, §: 288; Id., p. 414, § 278; 112 A.L.R. (note) p. 983; 15 Am.Jur. p. 60, Section 385; Hanson v. State, 232 Ala. 585, 168 So. 700; Day v. State, 19 Ala.App. 307, 97 So. 117. The latter offense charged was the conspiracy to offend, not the actual offending. It is in and of itself a distinct, substantive offense and is complete when the unlawful combination is entered into, and proof of an overt act in pursuance thereof is unnecessary. Smith v. State, 8 Ala.App. 187, 62 So. 575; Thompson v. State, 106 Ala. 67, 17 So. 512; Code 1923, § 3575.

█ The corpus delicti was sufficiently established. The corrupt agreement need not be formal or express. It is sufficient if there is a meeting of minds or a tacit agreement, its existence being generally a matter of inference from the acts of the participants. 15 C.J.S., Conspiracy, p. 1062, § 40.

█ The declarations of an alleged co-conspirator, made during the progress of the conspiracy and in furtherance of its object, are admissible as evidence against all the participants, there being introduced sufficient evidence to show prima facie a case of conspiracy or community of purpose. Gandy v. State, Ala.App., 198 So.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

265,[1] certiorari denied 198 So. page 267.[2] But statements of such coconspirator made after the termination of the conspiracy are not admissible, unless so clearly related to the commission of the offense as to be a part of the res gestae or unless made in the presence of the defendant and undenied by him, in which latter case they become admissible under the rule of tacit admissions. Lancaster v. State, 21 Ala.App. 140, 144, 106 So. 609; Everage v. State, 113 Ala. 102, 21 So. 404; 11 Am.Jur., § 41, pp. 573, 574.

■ The admission in evidence, over the specific objections of the defendant, of certain declarations of the two coconspirators not on trial (Graham and Jones), made after the termination of the conspiracy, offended this rule and as a consequence the cause must be reversed. As we interpret the evidence, these statements, clearly not of the res gestae, were made after the conspiracy was at an end and without the presence of the defendant. Such evidence was calculated to result in great prejudice to the defendant and a reversal is due.

■ In view of another trial, it is added that proof that an unidentified person, while the officers were raiding the place where the alleged unlawful acts were in progress, came there and stated that he wanted to go in and place a bet on the horses was admissible as of the res gestae. Sexton v. State, 239 Ala. 287, 196 So. 744.

The remaining insistences of error, such as the alleged improper remarks of the solicitor to the jury during argument, will not be discussed inasmuch as they will probably not occur upon a retrial.

For the errors noted the cause is reversed.

Reversed and remanded.

### On Rehearing.

PER CURIAM.

■ Counsel for appellee insists that the record fails to show that exception was properly reserved to the introduction of the testimony of State's witness Connick regarding the declarations of the coconspirator, Jones, made after the conspiracy had terminated. Such interpretation of the record is patently incorrect. For, when the solicitor sought to offer this evidence, by the question, "Well, what, if anything, did he (Jones) say?", the defendant's attorney then and there duly interposed proper objection, and, upon the overruling thereof by the trial court, reserved exception to the ruling. The next ensuing question, "What did he say?", was a mere repitition of the same question, presumably for the purpose of proceeding with the introduction of the evidence just ruled permissible by the court (to which, exception had been just reserved, as above). Repetition of the same objection and exception to the same question would have frivolously and capriciously interrupted the orderly examination of the witness upon a point already ruled proper by the court. Such supererogation of objection and exception would have bordered upon the contemptuous and was unnecessary. We find and so hold that the record clearly presents a reviewable exception. The authority cited by applicant is not in point.

The case of Cox v. State, 240 Ala. 368, 199 So. 806, is consistent with our conclusions here that whatever is said or done by a coconspirator (there having been established by the evidence, prima facie, a conspiracy), in the furtherance of the unlawful design is admissible. When, however, its objects and purposes have been finally concluded, the conspiracy being ended, the acts and declarations of such coconspirator made thereafter, without the presence of the defendant, and not of the res gestae, are inadmissible. The declarations sought to be introduced here were of this character. The Cox case is in harmony with these views.

We think the application should be overruled.

Opinion extended and application overruled.

---

[1] 29 Ala.App. 485.      [2] 240 Ala. 202.