190 So.2d 724

Glenn PRICE

v.

STATE.

6 Div. 149.

Court of Appeals of Alabama.

May 17, 1966.

Rehearing Denied June 30, 1966.

———◇———

Robt. A. Sapp, Cullman, Crampton Harris and Robt. G. Esdale, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

On August 3, 1965, appellant Glen Price was convicted in the Circuit Court of Cullman County, Alabama, of the offense of grand larceny of an automobile. Appellant's motion for a new trial was overruled and he appeals.

■ Appellant claims as error the admission of the alleged statement Robert Neal made to Sheriff Waldrop. At the time of the trial of defendant, Robert Neal had already been found guilty and sentenced for the larceny of the automobile in question. According to Sheriff Waldrop, at the time the alleged statement was made in the county jail of Cullman County, Alabama, the appellant was not present but only Waldrop, Robert Neal and a secretary were present. The effect of the statement was that defendant participated fully in stealing the automobile, in having it painted white, and in carrying it to Tuscaloosa for the purpose of selling it. The exact date the statement was made is in conflict, but apparently it was made several days after Robert Neal and appellant had been returned to the county jail in Cullman following their arrest in Tuscaloosa, Alabama.

■ This statement of Robert Neal comes within the rule that statements of a co-con-

spirator made after the termination of the conspiracy are not admissible, unless so clearly related to the commission of the offense as to be a part of the res gestae or unless made in the presence of the appellant and undenied by him. Connelly v. State, 30 Ala.App. 91, 1 So.2d 606, cert. den. 241 Ala. 132, 1 So.2d 608; Macon v. State, 30 Ala.App. 276, 4 So.2d 439, cert. den. 241 Ala. 675, 4 So.2d 442.

As a consequence of the admission of this statement into evidence over the timely objection by defendant, this cause is due to be and the same is hereby

Reversed and remanded.