598

217 So.2d 550

Sterling L. BELLE–ISLE, Jr.

v.

STATE.

4 Div. 640.

Court of Appeals of Alabama.

Jan. 7, 1969.

Huey D. McInish, of Lee & McInish, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

CATES, Judge.

Appellant (and two other men) were indicted for robbery of a gasoline filling station. Tried on a severance, Belle-Isle was found guilty and a jury set his punishment at fifteen years in the penitentiary.

### I.

Aside from an accomplice's testimony, the State adduced no proof that Belle-Isle participated in the robbery.

Close to incriminatory was the testimony of A. J. McCreary. But this evidence was only on voir dire examination with the jury withdrawn.

After the jury returned the State did not atttempt to bring out the conversation.[1] Moreover, the inculpatory tenor was equivocal since the State had sought to prove that the defendant was an accomplice in another crime, grand larceny.

### II.

It was error to admit proof of the grand larceny. No attempt was made to show that the two crimes were inseparable parts of the same transaction. Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847; McElroy, Evidence (2d Ed.), § 70.24.

### III.

The District Attorney moved the court to call as the court's witness, John William

---

1. " * * * He told me that he didn't have anything to do with the robbery, that he only drove the car. Q Did you tell you when he started driving the car? A No, sir."

Mills. Mills was a co-indictee and had pled guilty.

 Over objection Mills was cross examined by the State as to a statement which Mills had given to the sheriff two days after the robbery. Belle-Isle was not present. The objection should have been sustained.

In Connelly v. State, 30 Ala.App. 91, 1 So.2d 606, this court, per Simpson, J., said:

"* * * statements of a * * * co-conspirator made after the termination of the conspiracy are not admissible, unless so clearly related to the commission of the offense as to be a part of the res gestae or unless made in the presence of the defendant and undenied by him, in which latter case they become admissible under the rule of tacit admissions. * * *"

From Edwards v. State, 279 Ala. 371, 185 So.2d 393, we quote:

"In the instant case, the second and third statements attributed to Coon were not made in furtherance of the common design. The statements were made by Coon, when defendant was not present, several days after the crime had been accomplished and after all four of the participants in the crime had been taken into custody. Because Coon did not make the statements until after the completion and termination of the common enterprise, the statements were not admissible against the instant defendant under the rule which allows the statement of one confederate to be shown in evidence against another confederate who was not present when the statement was made."

See also Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934.

For the errors pointed out, the judgment below is reversed and the cause remanded for new trial.

Reversed and remanded.