I would quash the writ. Neither the State nor the defendant takes issue with the Court of Criminal Appeals' conclusion that § 32-5A-191(a)(1) and (a)(2), Code 1975, set forth separate offenses. Notwithstanding the fact that § 32-5A-191 is entitled "Driving while under influence" and it is commonly understood that driving while one's blood alcohol content is 0.10% or more by weight implies that one is driving under the influence — see also § 32-5A-194(b)(3) — §32-5A-191(a)(1) does not specifically require that the state show that the defendant is driving under the influence. As the statute is written, the offense is complete if the defendant is found to be driving or in actual physical control of a vehicle while there is 0.10% or more by weight of alcohol in his blood. Cf. Smith v. State, 470 So.2d 1365 (Ala.Crim.App. 1985). While it may well be reasonable to question whether the legislature subjectively intended to make § 32-5A-191(a)(1) a separate offense or simply intended for § 32-5A-191(a)(1) to be a method of proving § 32-5A-191(a)(2), the statutes speak for themselves and do not in fact contain the same elements.
The majority opinion expresses concern about double jeopardy implications. Initially, I must point out that there may be many instances where the Court may be tempted to question the wisdom of legislative determinations that an event or transaction gives rise to multiple offenses. However, our evaluation of the wisdom of the legislature's action can have no bearing on the construction to be given statutes where the legislature clearly speaks. In addition, no double jeopardy question is presented, and, therefore, any discussion about a double jeopardy bar to an attempt to reprosecute the defendant under § 32-5A-191(a)(1) is premature. For examples of the complexity of the double jeopardy issue, see: Code 1975, §13A-1-8(b); Code 1975, § 15-3-8; State v.McGaughy, 505 So.2d 399 (Ala.Crim.App. 1987); Searsv. State, 479 So.2d 1308 (Ala.Crim.App. 1985);Blockburger v. United States, 284 U.S. 299,52 S.Ct. 180, 76 L.Ed. 306 (1932).
I believe the Court of Criminal Appeals correctly decided the case, and I would quash the writ.
ALMON, SHORES and BEATTY, JJ., concur.