239 So.2d 237

**Ira Kenneth DUNCAN**

v.

**STATE.**

**8 Div. 39.**

Court of Criminal Appeals of Alabama.

Sept. 1, 1970.

Joseph A. Lee, Robert E. Carter, Scottsboro, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Robbery: verdict guilty with sentence of thirty years.

I

The State adduced abundant proof, which if believed to the required degree, established that on July 2, 1968, at about 2:00 o'clock in the afternoon Duncan and Ernest Calvin Pace robbed the Assistant Manager of an A & P store in Scottsboro.

Duncan pleaded the general issue and not guilty by reason of insanity. On the first, he took the stand to show that he was on July 2 in Mexico. On the latter, his mother testified that as a child he had an acute attack of spinal meningitis.

II

A suggestion of error is made because the originating affidavit for Duncan's arrest was made before Hon. John F. Proctor, then one of the judges of the Jackson Circuit Court. This was on July 3, 1968.

Judge Proctor also signed a warrant for Duncan's arrest returnable to the Jackson *County* Court. No doubt, he was using a printed form: the two courts have the same person as clerk.

On July 19, 1968, the indictment was returned. The sheriff arrested Duncan on it December 16, 1968. The originating warrant of July 3, 1968 was never executed.

■ Indeed, Duncan undisputedly at some time got into Mexico seemingly on a dope smuggling errand for the entrepreneur of Sky Records of Hollywood, Alabama, one Herman Venable. So that no opportunity arose for Duncan to have had a preliminary hearing before his indictment in absentia. See Ex parte Simpson, 3 Ala. App. 222, 57 So. 518; United States ex rel. Hughes v. Gault, 271 U.S. 142, 46 S.Ct. 459, 70 L.Ed. 875.

III

Appellant claims the jury roll was too short in its description of the jurors, particularly as to their callings. The venire list was as follows (using the first seven jurors as examples):

| "NO. NAME | OCCUPATION | ADDRESS | PRECINCT NO. |
|---|---|---|---|
| "1. William B. Lancaster | T.V.A. | B'port, Ala. | 1 |
| "2. Shirley A. Abbott | Housewife | B'port, Ala. | 1 |
| "3. Mrs. Ruby Parton | Housewife | B'port, Ala. | 1 |
| "4. Wm. A. Butler | Insurance | Stevenson, Ala. | 3 |
| "5. Raymond Shirey | Forest Ranger | 502 Ft. Payne Hwy. | 21 |
| "6. Sentell Dobbins | Clerk | S'boro, Ala. | 21 |
| "7. George McHenry | Railroad | B'port, Ala. | 1" |

■ That voir dire was available to ascertain: what department of The Tennessee Valley Authority; what insurance agency; what forest was ranged; where Mr. Dobbins clerked; what railroad; etc. answers any contention that such description falls short of the requirements of Code 1940, T. 30, § 30.

All that Taylor v. State, 222 Ala. 140, 131 So. 236 stands for anent this question is that counsel may assume that, e. g., "John F. Kelly" on the jury list is the same person who appears at the assemblage of the venire. No showing of imposture or fraud was made here.

IV

■ Defense counsel took no exception to the trial judge's oral charge. Hence, any supposed semantics as to "disease of the mind" or "lesions of the brain," in describing mental irresponsibility, we cast into the limbo of non-problems.

## V

Because in robbery the State might not match dollar for dollar, the probata with allegata is not important so long as a taking of value by vi et armis vel per minas appears. In Harris v. State, 44 Ala. App. 449, 212 So.2d 695, we remarked:

"Larceny enforced by violence or threats is robbery. However, it is without degrees based on value: there is no petty robbery. In Wilson v. State, 268 Ala. 86, 105 So.2d 66, it was pointed out that in robbery the amount of money taken is immaterial.

"Viewed from this rule, the testimony of Bennett that 'certain money' had been in the till, coupled with the circumstance of there being a trifling amount afterwards, made out a prima facie proof of value being taken. Thus, even if we were to consider that the trial court erred in receiving Childree's evidence as to his 'inventorying' the cash register, nevertheless Supreme Court Rule 45 would keep us from treating it as reversible. Therefore, from the appellate point of view the question is academic.

"In this connection, though the State did not prove the precise moment of asportation, we consider that the entire 'two minutes' during which Bennett was away from that cash register accorded the defendant or Bowman an opportunity to get the money. Certainly the threats preceded the disappearance of the money. See Cobern v. State, 273 Ala. 547, 142 So.2d 869 (hms. 2 and 4).

"We hold that the State established a prima facie case of the taking of something of value to meet the allegation." (footnote omitted)

## VI

The trial judge's order on motion for new trial reads in part:

"* * * The court further finds and determines that the averments contained in grounds Nos. 5, 6, and 7 of the said motion are not supported by the evidence and that there was, in fact no substitution of one juror for another; that from the testimony of the juror, Cornelison, and the other evidence submitted, C. E. Cornelison, Charley Elbert Cornelison, Ebb Cornelison and Abe Cornelison are one and the same person, and, that the juror, Cornelison, who was summoned, appeared and served as a juror in this case is the person whose name was intended to have been placed in the jury box by the jury commission; that it is not shown that there is, in fact, any other person in Jackson County, Alabama bearing the name of Abe Cornelison, and that, if any irregularity in the designation of the true Christian name of the juror existed, such fact was fully known to defendant's attorneys representing him on the trial of this case and no objection to the service of said juror was made and no objection was taken to striking a jury from a list of jurors containing the name, Abe Cornelison, and further, it is not shown that any substantial injury resulted to the defendant from said Juror's having served on the trial of this case.

"It is, therefore, ordered and adjudged by the court that the defendant's motion to set aside the verdict of the jury in this case and to grant the defendant a new trial be, and the same is, denied and overruled. * * *."

This ruling was eminently correct and exposits good law under our jury statutes.

We have considered the entire record as required by Code 1940, T. 15, § 389 and consider the judgment below is due to be

Affirmed.