264 So.2d 576

**Thomas SULLIVAN**

**v.**

**STATE.**

**7 Div. 90.**

Court of Criminal Appeals of Alabama.

May 9, 1972.

Rehearing Denied May 30, 1972.

Traylor, Baker & Cole, Ft. Payne, for appellant.

**348**

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was indicted for the offense of robbery and after counsel was appointed a plea of not guilty was entered. The trial resulted in a verdict and judgment of guilty and punishment was fixed at ten years in the penitentiary.

The prosecuting witness and alleged victim testified in substance that on April 1, 1970, he parked his car on First Street in Fort Payne, DeKalb County, Alabama, and that the appellant drove up and parked his car beside him; that the appellant got out of his car and got into the back seat of the witness's car and told him that he owed him three dollars; that the appellant then came over the back seat and began beating the witness with his fist and that the appellant then said, "You are going to give me the money or I will beat you to death;" that the witness got out three twenty dollar bills and a ten dollar bill and put them on the seat; that the appellant said he would get his three dollars as well as seven dollars for his clothes which the witness tore in the encounter and sixty dollars which the appellant said the witness owed one James Hudgins; and that the appellant then took the money from the car seat. The witness denied owing the appellant any money but stated that the appellant owed him three dollars. He also denied owing James Hudgins any money or receiving a receipt for the money from the appellant. The witness further testified that after these occurrences took place he went to the police and they sent him to the sheriff's office; that after he got to the sheriff's office he wiped the blood off his face and head and changed clothes; and they then took a picture of him.

Deputy Sheriff George H. Noles testified he saw the victim or prosecuting witness in his office at the courthouse on the date in question and that his face was "pretty well beaten up" and was bloody; that the prosecuting witness then wiped the blood off his face and head; and that he then took a picture of him. The picture was admitted in evidence and appears in the record.

The appellant testified in his own behalf and admitted beating the prosecuting witness in an effort to collect money owed him and Hudgins. He also admitted that by the use of such means and in that manner he got the seventy dollars and gave the person he was charged with robbing a receipt for the money.

The appellant filed a motion for a new trial.

In the trial court's oral charge the jury was not instructed that the indictment embraced or included any lesser offenses. No exceptions or objections were made to the oral charge of the trial court and the appellant did not request any written charges indicating or stating that other offenses were included in the indictment or that the appellant could be convicted of any offense other than robbery. The oral charge submitted the case to the jury on the issue of the innocence or guilt of the appellant of the offense of robbery.

■ The appellant complains the evidence was insufficient for a conviction of robbery. There was substantial evidence

of every element of the offense of robbery and when such is the case a jury question is presented. In the case of Massengale v. State, 36 Ala.App. 195, 54 So.2d 85, the rule in respect to the sufficiency of the evidence to support a verdict of guilty is stated in this manner:

". . . That is to say, there must be substantial evidence tending to prove all elements of the charged offense, a mere scintilla of evidence, in view of the presumption of innocence, being insufficient."

In the instant case there is no error in that respect.

The appellant further complains on this appeal that the trial court did not instruct the jury in its oral charge that the indictment included lesser offenses or that the jury could convict the appellant for assault and battery or larceny. In the light of the record in this case we find no error in that respect.

In Moates v. State, 40 Ala.App. 234, 115 So.2d 277, the court said:

". . . A party cannot except to matter omitted from a court's oral instructions to the jury. Tranholm v. State, 38 Ala.App. 57, 77 So.2d 491. Further, exceptions to the oral instruction of the court must be taken before a jury retires, or they will not be considered. . . ."

If matters were omitted in the instant case from the court's oral instructions the appellant's remedy was by way of requested written instruction. An exception or objection made for the first time on appeal comes too late.

The appellant's motion for a new trial was denied and overruled by the trial court. One of the grounds of said motion was as follows:

"13. For that it affirmatively appears from the record that the jurors were separated for several minutes during a recess (without the consent of the defendant) and the State has not met the burden of showing clearly that no injury resulted."

There was another stated ground of said motion which raised the same question.

It does not appear that evidence was taken and submitted on the hearing of said motion. However, the record in this case discloses the following:

"(Court was in recess for ten minutes, after which time the jury returned to the courtroom, and the following proceedings were had and done.)

"*The Court*: Gentlemen of the jury, the Bailiff informed me that as you were going to the Grand Jury room for your break that four or five of the number by mistake got down stairs, is that correct?

"*One of the Jurors*: Yes, sir, I went down there.

"*The Court*: How many went down stairs by mistake?

"(Six Jurors held up their hands.)

"The Court: Gentlemen of the Jury, first of all do you have a judgment of how long you were separated from the remainder of the Jurors?

"*One of the Jurors*: Two or three minutes.

"*The Court*: During the time you were separated were any of you approached by anyone about the case, did you talk to anyone during the time you were separated?

"*One of the Jurors*: We didn't.

"*The Court*: Did anyone attempt to say anything to you about the case?

"*One of the Jurors*: No, sir.

"*The Court*: Did any outsider say anything to you at all?

"*One of the Jurors*: No, sir.

*The Court*: Do you have any questions?

"*Mr. Wear*: No, sir.

"*The Court*: I believe there was no harm as the result of the separation.

"*The Court*: Go to the Jury."

Mr. Wear was one of appellant's counsels during the trial of this case. He did not question the jurors nor any of them about the above mentioned incident. He did not object to the ruling of the trial court on the matter.

On the motion for a new trial and on this appeal appellant complains of error because of said separation of the jury.

In Mitchell v. State, 244 Ala. 503, 14 So.2d 132, the court quoting from Payne v. State, 226 Ala. 69, 145 So. 650, stated:

"While the rule is not now so strict, as at common law, as to the separation of the jury, it is the present rule in felony cases, especially capital ones, that a separation of the jury, after the trial has been entered upon, and before verdict, creates a cause for reversible error in favor of the defendant, unless the state affirmatively shows that the defendant was not thereby injured."

The record as set out in this opinion demonstrates that it was affirmatively shown that the appellant was not injured by the said separation of the jurors. Error does not appear in that respect.

We have performed our statutory duty to search the record for error and error does not appear therein.

It is ordered and adjudged that the judgment in this cause be affirmed.

This opinion was prepared by L. S. MOORE, Supernumerary Circuit Judge, and adopted by this court as its opinion.

Affirmed.

PRICE, P. J., and CATES, ALMON and TYSON, JJ., concur.