328 So.2d 644

**Willie James HILL**

v.

**STATE.**

**6 Div. 912.**

Court of Criminal Appeals of Alabama.

March 9, 1976.

Louis W. Scholl, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Randolph P. Reaves, Asst. Atty. Gen., Montgomery, for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was convicted of robbery and sentenced to imprisonment in the penitentiary for twenty-one years.

In the late afternoon of July 20, 1974, a lady, accompanied by her mother, her husband and a neighbor, was walking through Woodrow Wilson Park in Birmingham on their way to a wrestling match at the Municipal Auditorium. She testified she saw defendant, whom she did not then know but positively identified afterwards to officers and on the trial, sitting on a park bench with another man and facing and talking with a third man sitting on another bench. She said she saw defendant hit the third man; that defendant struck him twice and knocked him off the bench. She said she saw defendant pull something out of the pockets of the third man, who was afterwards identified as Clayton Edward Mills, an elderly man, named in the indictment as the victim of the robbery.

Both Mr. Mills and defendant testified. Mr. Mills testified that he had eaten dinner in a nearby hotel, gone to the park and had dozed off to sleep. He said he had had two beers with his meal. The next thing he remembered was that a man had his hand on Mr. Mills' billfold which was still in the pocket of his pants. They struggled for the billfold, but the man succeeded in pulling the hip pocket off his pants, billfold and all, and struck Mr. Mills in the back of the head, and Mr. Mills then lost consciousness. He stated that at the time of the incident he had sixty-five dollars in his possession, located in his wallet, that sometime after the incident the wallet was returned to him but the money was not in it. He denied knowing defendant prior to the incident.

Defendant testified that he had purchased a quart of wine and had gone with an acquaintance, a man by the name of Hudson, to the park to drink and reminisce; that Mills called them over and asked to join them and share the wine, promising to buy the second bottle. The wine was finished by the three; Mills refused to buy the second bottle. Defendant said he then became mad and struck Mills but denied taking his wallet or any money belonging to him. Defendant and Hudson left the park promptly, went to a nearby restaurant but did not remain there but a few minutes, and in a few minutes thereafter they were arrested.

If defendant was telling the truth there was no robbery, although there was an assault and battery committed by him, which is a lesser included offense. *Taylor v. State*, 48 Ala.App. 443, 265 So. 2d 886. The testimony of the State, including particularly testimony of the victim and that of a disinterested witness viewing the incident, was sufficient upon which to base a conviction of robbery. This

is true, we think, even though when defendant was arrested, he had on him only three dollars in currency and some change. The disinterested witness testified:

"After Mr. Hill hit Mr. Mills he got the man's wallet and he got the man's wallet and start fishing around in his wallet and threw the cards and papers on the ground and after that . . . both of them then walked down the steps over here by the statue by seventh avenue and after they got off the bench they did something after they got on seventh avenue but I couldn't find out what they were doing."

That defendant was intoxicated is undisputed, but the extent of his intoxication is not clear. A testifying officer, upon being asked, said that defendant was moderately intoxicated.

■ Appellant now takes exception to a portion of the court's oral charge as follows:

"The basic principle of law involved concerning voluntary drunkenness is that it is not a defense to a specific crime unless the drunkenness is at such a degree that it would cause a derangement of the mind to such an extent that a person could not formulate the specific intent that is necessary to commit the offense."

In criticizing the quoted portion of the court's oral charge, appellant underscores "it would cause a derangement of the mind," thus indicating, it seems, a view that there does not have to be a mental derangement in order for one to be so drunk that he cannot have the requisite felonious intent to commit the crime of robbery.

■ Defendant pleaded not guilty. He did not include a plea of not guilty by reason of insanity. It may well be that in the absence of a plea of not guilty by reason of insanity it would be better that there also be an absence of any expression such as "mental disease" or "derangement of

the mind," but, in our opinion, no injury was caused defendant by the expression. Furthermore, no objection was made and no exception was taken to any portion of the court's oral charge. At the conclusion of it, both parties stated that they were "Satisfied." Any grievance defendant may have had as to the language of the court's oral charge should have been manifested there and then, not here or now. *Passmore v. State,* 47 Ala.App. 189, 252 So.2d 115; *Duncan v. State,* 46 Ala.App. 165, 239 So. 2d 237; *Sullivan v. State,* 48 Ala.App. 347, 264 So.2d 576, cert. denied, 288 Ala. 756, 264 So.2d 580.

■ Defendant's counsel made numerous objections to portions of the opening and closing arguments of counsel for the State, and most of said objections were sustained by the trial court. Appellant now insists, "The individual impact of each respective improper comment might be deemed possibly negligible, but the totality of them collectively was prejudicial to the defendant and precluded a fair and impartial consideration." We repeat what was stated in *Luschen v. State,* 51 Ala.App. 255, 284 So. 2d 282, 289:

"Numerous objections were made to the closing arguments made by the district attorney and his assistant. In each instance the trial court sustained the objections and instructed the jury to disregard such arguments. The action of the court cured any possible error. *Coats v. State,* 253 Ala. 290, 45 So.2d 35; *Mandell v. State,* 21 Ala.App. 404, 108 So. 635; *DeFranze v. State,* 46 Ala. App. 283, 241 So.2d 125."

To any contention that the trial court should have expressly excluded from the consideration of the jury portions of the argument to which objections were sustained, which the trial court did in some instances but not in most of them, the answer is:

"Counsel for defendant objected to two portions of the argument of the solicitor.

As to one, the trial court sustained the objection interposed thereto. This argument was not so highly prejudicial as that any unfavorable influence might not have been destroyed by retraction or rebuke by the trial court. But no corrective action on the part of the court was invoked by the objector. Such course must be followed when the objection to the argument is *sustained* and when the sinister effect of the argument can be eradicated by action of the trial court. *American Ry. Express Co. v. Reid*, 216 Ala. 479, 113 So. 507. No reversible error appears in this connection." *Stephens v. State*, 250 Ala. 123, 128, 33 So.2d 245, 249.

As to any and all of the argument of counsel for the State of which appellant now makes any complaint, the trial court made a ruling favorable to appellant in each instance that a ruling was invoked. There was no motion on the part of defendant to exclude the argument. There was no motion, or even a suggestion, that a mistrial be declared. Appellant states that the trial court sustained separate objections to fourteen portions of argument of counsel for the State. We doubt not that his count is correct. Such a large number has quickened us to an extraordinary effort to determine whether the cumulative effect of improper argument was so prejudicial to defendant that he was denied a fair trial. We do not think so. Most of the several portions of the argument to which objections were made were unrelated to one another. There was no effort by counsel for State to repeat, even in effect, any argument to which an objection had been sustained. There may be one exception to this, but it seems to have been more of an argument addressed to the court in an effort to get the court to change its ruling, and clearly was not a deliberate effort on the part of counsel to get before the jury argument the court thought was improper. None of the argument can be considered as highly inflammatory or emotion arousing. There

was no appeal to the baser instincts, nothing calculated to arouse prejudice of any kind, class, economic, racial or otherwise. The argument as a whole was argumentative only and did not expressly or by implication state factual information not revealed by the evidence.

No contention is made that various portions of the objectionable argument, or any two or more of them, were directed at the same target. There could be little cumulative effect when they were of such divergent and unrelated nature. The case is far removed from that of *Allred v. State*, 291 Ala. 34, 277 So.2d 339, in which the three parts of the state's argument to which objections were sustained were all hammering at the same point, or as better stated by Mr. Justice Jones in the opinion therein,

" . . . [A]ll three statements were made in the same vein with the same import intended by each."

There is no contention made by appellant, and as we think no valid contention can be made, that any of the objectionable argument made by counsel for the State was highly prejudicial, we deem it unnecessary to set out herein the several portions of the argument considered. There was no personal abuse of defendant, defendant's attorney, or of any witness. The closest that might come to personal abuse was in a comment by State's attorney that defendant "is a wino staggering away" to which defendant's attorney objected by stating:

"Judge, I object to his characterization of the defendant as a wino. There is no evidence in the case about that."

The court sustained defendant's objection and upon request of defendant's attorney instructed the jury, "Disregard the use of the term 'wino' Ladies and Gentlemen." We think the trial court should have sustained (as it did) defendant's objection to the comment. That defendant had taken more than a "little wine for his stomach's

sake" did not justify characterizing him as a "wino," defined as "one who is chronically addicted to drinking wine." Webster's Third International Dictionary. The argument, however, was not so out of line with abundant evidence in the case that defendant was inebriated by wine as to have caused ineradicable injury to defendant.

We find that neither in any of the contentions made by appellant on appeal nor in any other respect is there any basis for a reversal of the judgment. It should be affirmed.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment is hereby

AFFIRMED.

All the Judges concur.