This Court granted the State's petition for certiorari to review the Court of Criminal Appeals' decision reversing and rendering Colston's conviction of murder in the first degree and sentence to life imprisonment on the ground that Colston, having been tried for robbery, could not be tried for murder of a victim perpetrated by Colston because "[T]he homicide was a part of the violence here invoked by the defendant to perpetrate the robbery."
On April 19, 1974, Colston and a man identified as Johnny Lee White were in the grocery store of Joe Corsentino which is located in Bessemer. At approximately 1:20 p.m., Corsentino went outside of his store. Upon returning, he was told by his store cashier, Mrs. Janice Latino, that a *Page 338 
couple of customers were in the back of the store. Corsentino then saw two men at the meat counter, one of whom he identified as Danny Ray Colston. One of the men asked to purchase bologna. White went to the front of the store. As Corsentino was slicing the bologna, he heard a gunshot and saw Colston coming around the corner. Colston led the owner up to the front of the store where he was ordered to open the cash register. Although Corsentino was ordered to open the register, Mrs. Latino, who was kneeling in a corner at the checkout counter, actually opened the register. Mrs. Latino handed over $164 from the register, as well as her purse, to White and Colston.
White took some cigarettes from the rack and went toward the door. Corsentino then saw Colston come around the counter and shoot Mrs. Latino while she was kneeling on the floor pleading for her life. Colston then shot Corsentino, and as he fell to the floor, Corsentino saw Colston shoot Mrs. Latino again. Mrs. Latino died as a result of these gunshot wounds.
Colston was first tried and convicted of an indictment for the robbery of Mr. Corsentino on November 4, 1975. That indictment charged as follows:
 "The Grand Jury of said County, charges that before the finding of this indictment Danny Ray Colston whose name to the Grand Jury is otherwise unknown, feloniously took $164.00 in lawful money of the United States of America, of the value of $164.00, the property of Joe A. Corsentino, from his person, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama."
The robbery conviction was affirmed. Colston v. State,57 Ala. App. 4, 325 So.2d 520, cert. denied, 295 Ala. 398,325 So.2d 531 (1975).
On November 20, 1975, under separate indictment, Colston was tried and convicted of the first degree murder of Mrs. Latino. The present indictment charges, as follows:
 "The Grand Jury of said County charges that before the finding of this indictment, Danny Ray Colston whose name to the Grand Jury is otherwise unknown, unlawfully and with malice aforethought, killed Janice Latino, by shooting her with a pistol against the peace and dignity of the State of Alabama."
Colston's motion to dismiss and plea of former jeopardy were dismissed by the trial court. On appeal, the Court of Criminal Appeals, 350 So.2d 334, reversed Colston's murder conviction, holding:
 "[T]hat the trial court erred in overruling defendant's plea of former jeopardy. The proof in the trial of Colston for robbery and the instant proof shows that the robbery and homicide were blended in the act and each offense was an incident of the other. The homicide was an act of violence as charged in the indictment for robbery, an incident to the robbery, and a part thereof. Yelton v. State, 56 Ala. App. 272, 321 So.2d 234; cert. den., 294 Ala. 745, 321 So.2d 237; Burress v. State, 56 Ala. App. 414, 321 So.2d 752; Wildman v. State, 42 Ala. App. 357, 165 So.2d 396, cert. den., 276 Ala. 708, 165 So.2d 403."
On rehearing, the Court of Criminal Appeals held:
 "* * * [I]n addition to the constitutional prohibition against double jeopardy, we are also controlled by T. 15, § 287, Code of Alabama 1940, recompiled 1958. . . ."
We reverse and remand.
The opinion of the Court of Criminal Appeals not only misinterprets Title 15, § 287, Code,[1] but also expands the protection of double jeopardy far beyond that provided under the law announced by the Supreme Court of the United States inAshe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469
(1970). *Page 339 
This Court, in Racine v. State, 291 Ala. 684, 286 So.2d 896
(1973), pointed out the rule, as follows:
 "A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and on fact as the former one relied on under the plea. And this is true even if both cases are founded on the same facts but the crimes charged were not the same in law." [Citations omitted.] 291 Ala. at 687, 286 So.2d at 898. See Jones v. State, 50 Ala. App. 174, 277 So.2d 920 (1973).
Colston's robbery of Mr. Corsentino for which he was first convicted is different both in law and fact from his murder of Mrs. Latino. Colston committed two separate and distinct crimes bearing two intents; the intent to rob and the intent to kill. Colston's acts, the robbery of Mr. Corsentino and the shooting of Mrs. Latino, clearly constituted two criminal offenses.
The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
[1] Crimes punishable under different provisions. — Any act or omission declared criminal and punishable in different ways by different provisions of law, shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision.