The petition for writ of certiorari in this case was granted on "a material question of first impression" basis to review a decision and judgment of the Court of Criminal Appeals.
The issue as we conceive it to be is whether a conviction for murder in the second degree of one robbery victim and a twenty-five year sentence precludes a consecutive sentence of ten years upon a subsequent conviction for the robbery of another victim arising out of an occurrence closely related in time and occurring at the same place.
The Court of Criminal Appeals, 352 So.2d 836, states the issue in the following manner:
 "The sole and only issue presented on this appeal is whether the ten year sentence for robbery should be concurrent with the prior sentence of twenty-five years for murder in the second degree. We hold that appellant is entitled to the relief sought."
That court remanded the case and ordered the trial judge to impose the ten-year sentence for robbery to run concurrently with the first ten years of the twenty-five year sentence for murder in the second degree. Both convictions were affirmed.
We hold that Clift is not entitled to the relief sought and reverse and remand the judgment to the Court of Criminal Appeals.
We begin with the observation that whether a sentence for conviction of crime is to be consecutive or concurrent generally is a matter addressed to the sound discretion of the trial judge.
The Court of Criminal Appeals based its decision on Burressv. State, 56 Ala. App. 414, 321 So.2d 752 (1975). Burress was the companion to Clift during the commission of the crimes. Burress was also convicted of both murder and robbery for which he was sentenced to life and ten years respectively. Burress appealed both convictions and they were consolidated in the Court of Criminal Appeals. That court held that *Page 839 
"the robbery and murder were legally discrete crimes which came from a single transaction, i.e., taking money by violence." The court then proceeded to hold, viz.:
 "The appellant pleaded double jeopardy. Here, as in Yelton v. State (1975), 56 Ala. App. 272, 321 So.2d 234, where the other conviction is not yet final we would be speculating as to whether or not punishment under the murder conviction would preclude punishment under the robbery conviction. Accordingly, we consider that the New York practice of concurrent sentences is the only pragmatic solution.
 The judgment of conviction for robbery is affirmed but the cause is remanded so that the sentence of ten years imprisonment is to run concurrently for the first ten years of the life sentence for murder. If the murder conviction is set aside such action will not affect the sentence under the robbery conviction.
Murder conviction affirmed.
 Robbery conviction affirmed but cause remanded for concurrent sentence."
Id. at 419, 321 So.2d at 757 (emphasis added).
We confess we do not fully understand that part of the holding in Burress upon which the Court of Criminal Appeals relied to reverse, viz.:
 "[W]e would be speculating as to whether or not punishment under the murder conviction would preclude punishment under the robbery conviction. Accordingly, we consider that the New York practice of concurrent sentences is the only pragmatic solution."
At any rate, Burress pled double jeopardy as did Clift. It appears obvious that the Court of Criminal Appeals' decision to grant concurrent sentences was based upon a consideration of double jeopardy.
We think our recent decision in In re Colston, 350 So.2d 337, 11 A.B.R. 1974 (Ala. 1977) and the United States Supreme Court decision in Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221,53 L.Ed.2d 187 (1977), are dispositive of that issue. The case at bar is an even clearer one than Colston on the issue of double jeopardy.
Here, we find the robbery to be different in both law and fact from the murder; Clift's acts clearly constituted two acts, to paraphrase the language of Mr. Justice Maddox writing for the court in Colston.
It is, of course, well established that:
 "The Double Jeopardy Clause `protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).
. . . . .
 "The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):
 `The applicable run is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. . . .'
 This test emphasizes the elements of the two crimes. `If each requires proof that the other does not, the Blockburger test would be satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. . . .' Iannelli v. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1294,
43 L.Ed.2d 616 (1975).
. . . . .
 ". . . Unless `each statute requires proof of an additional fact which the other does not,' Morey v. Commonwealth, 108 Mass. 433, 434 (1871), the Double Jeopardy Clause prohibits successive *Page 840 
prosecutions as well as cumulative punishment."
Brown v. Ohio, 432 U.S. at 165-166, 97 S.Ct. at 2225-26.
Here, it seems perfectly clear to us that there are two offenses — in law and in fact. It is clearly the case that each statute (murder and robbery) requires proof of an additional fact which the other does not — murder — death; robbery — felonious taking of money, etc., from the person of another or from his immediate presence by violence to his person or by putting him in fear.
The judgment of the Court of Criminal Appeals is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.