The appellant was indicted and convicted for burglary in the first degree of the home of Mrs. Frances Biederman. In separate counts the indictment charged the appellant with breaking and entering with the intent to rape, rob and murder Mrs. Biederman. The jury returned a general verdict imposing sentence at life imprisonment.
Prior to the instant conviction the appellant was convicted for the rape of Mrs. Biederman. The burglary and the rape grew out of the same factual situation. The evidence reveals that the appellant and a companion broke into Mrs. Biederman's home on the night of December 3, 1971, raped her and rummaged through and ransacked her belongings. This court recently affirmed the appellant's conviction for rape. Beckley v. State, Ala.Cr.App., 353 So.2d 542.
 I
The appellant alleges that his prosecution for burglary was barred by his previous conviction for rape. In the alternative the appellant argues that the sentences in the two convictions should run concurrently. *Page 1024 
 A.
Under Alabama law:
 "A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and on fact as the former one relied on under the plea. And this is true even if both cases are founded on the same facts but the crimes charged were not the same in law." (Citations omitted) Colston v. State, Ala., 350 So.2d 337, at 339 (1977) quoting from Racine v. State, 291 Ala. 684, 286 So.2d 896 (1973).
Here the crimes charged are founded on the same set of facts but the crimes charged are not the same in contemplation of law.
In this state the elements of burglary in the first degree are: (1) A breaking and entering, (2) in the nighttime, (3) of a dwelling house presently occupied, (4) with the intent to steal or to commit a felony. Title 15, Section 85, Code of Alabama 1940, Recompiled 1958; Reeves v. State, 245 Ala. 237,16 So.2d 699 (1944).
Rape is the unlawful carnal knowledge of a woman, forcibly and without her consent. Dawkins v. State, 58 Ala. 376 (1877);Harris v. State, 2 Ala. App. 116, 56 So. 55 (1911).
Though there has been considerable difficulty in this state as well as others in determining when offenses are identical for purposes of barring a subsequent prosecution, it is clear that under the test enunciated in Colston, burglary, even where the intent be to commit rape, and rape are separate and distinct offenses. The fact that one has been in jeopardy for one act is no bar to a prosecution for a separate and distinct act, though the other act is so closely connected in point of time that it is impossible to separate the evidence relating to either on the first trial. Gunter v. State, 111 Ala. 23,20 So. 632 (1895). The guaranty of the constitution does not extend to several prosecutions for several offenses, but to repeated prosecutions for the same offense. Gordon v. State, 71 Ala. 315,317 (1882).
 "To define the crimes is to demonstrate that they are two separate and distinct criminal offenses. The prosecution of one is, therefore, not barred by the prosecution of the other. In fact, these two offenses do not arise out of the same criminal act, for the burglary was completed upon the breaking and entering with the required intent,[1] and the rape took place thereafter." Vincent v. State, Del.Supr., 256 A.2d 268, 271 (1969).
Recently this court held:
 "Burglary being an offense against property, and rape being an offense against person, we hold that they are separate and distinct offenses, and are completely unrelated. A conviction of one is no defense to the other. Alola v. State, 39 Ala. App. 215, 96 So.2d 816; State of Alabama v. Standifer et al., 5 Port. 523; Gunter v. State, 111 Ala. 23, 20 So. 632; Brown v. State, 236 Ala. 423, 183 So. 412; Jones v. State, 50 Ala. App. 174, 277 So.2d 920." Biggs v. State, Ala.Cr.App., 346 So.2d 467, 468, cert. denied, Ala., 346 So.2d 470 (1977).
 B.
The appellant also argues that he can receive only one punishment for the conviction of rape and burglary arising out of the same transaction. He cites in brief Yelton v. State,56 Ala. App. 272, 321 So.2d 234, cert. denied, 294 Ala. 745,321 So.2d 237 (1975). While Yelton supports the position of the appellant we do not consider it controlling in light of Colstonv. State, Ala., 350 So.2d 337 (1977). Because burglary and rape are completely separate and distinct offenses, Title 15, Section 287, Code of Alabama 1940, Recompiled 1958, does not apply. In this instance a single crime has not been subdivided into two or more offenses, nor has a series of charges been based upon the same act. See Crosswhite v. State, 31 Ala. App. 181, 13 So.2d 693 (1943).
For these reasons each separate sentence for each separate crime must stand. *Page 1025 
 II
The appellant alleges that the trial court erred in allowing testimony concerning the rape at his trial for burglary.
Evidence of the rape was admissible (1) as part of the res gestae, Bibb v. State, Ala.Cr.App., 339 So.2d 1108 (1976); (2) to show the intent for the breaking and entering, Woodward v.State, 21 Ala. App. 417, 109 So. 119 (1926); and (3) to prove the accused's guilt of the burglary and the identity of the criminal, Whitley v. State, 37 Ala. App. 107, 64 So.2d 135
(1953). The trial judge did not err in allowing testimony of the rape which occurred shortly after the appellant broke and entered the victim's home.
We have searched the record for error and have found none. We have written to each issue raised by the defendant on appeal and considered others. Finding that the appellant received a fair trial, we affirm the judgment of conviction.
AFFIRMED.
All Judges concur.
[1] In Delaware, burglary is defined by statute as the breaking and entering in the nighttime into the dwelling house of another with intent to commit murder or rape, whether or not the intent is executed. 11 Del.C. § 392.