Assault with intent to murder; sentence: twenty years imprisonment.
The appellant has been previously convicted for the September 1, 1977, robbery of the Cannon Oil Company gasoline station in Tuscaloosa, Alabama. This court affirmed that conviction without opinion on October 3, 1978. Brown v. State, 6 Div. 707. The assault with intent to murder, with which this appeal is concerned, occurred while appellant was perpetrating the robbery of the gasoline station. The testimony was that on September 1, 1977, at approximately 4:00 a.m., Albert Hallman (a cashier employed by the gasoline station) was hit on the head and knocked to the floor by appellant. Within the next several minutes, appellant placed a "coke" box over Hallman's head, kicked him, threatened to kill him, shot him twice, and left him for dead.
 I
The appellant alleges that the trial judge should have granted his plea of autrefois convict to the assault with intent to murder charge because it arose out of the same factual situation as did the robbery for which appellant was earlier convicted. More specifically, appellant maintains that the State has in effect prosecuted him for separate parts of a single offense which is prohibited by the Fifth Amendment to the United States Constitution.
In the determination of this question, we must look to the rule enunciated in Blockburger v. United States, 284 U.S. 299,52 S.Ct. 180, 76 L.Ed. 306 (1932), concerning former jeopardy:
 ". . . The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. . . ."
In Colston v. State, Ala., 350 So.2d 337 (1977), the Alabama Supreme Court, in holding that a murder and a robbery arising from the same transaction were two separate offenses, quoted from Racine v. State, 291 Ala. 684, 286 So.2d 896 (1973), which held that:
 "A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and on fact as the former one relied on under the plea. And this is true even if both cases are founded on the same facts but the crimes charged were not the same in law . . ." (Citations omitted.) *Page 559 
In the instant case, the issue is whether the offenses of robbery and assault with intent to murder are the same in fact and in law. The three essential elements of robbery are: (a) a felonious intent, (b) force, or putting in fear as a means of affecting the intent, and (c) by that means, the taking and carrying away the property of another from his person or in his presence, all three elements concurring in point of time.Gissendaner v. State, Ala.Cr.App., 338 So.2d 1025 (1976), cert. denied, Ala., 338 So.2d 1028; Tarver v. State, 53 Ala. App. 661,303 So.2d 161 (1974).
It has likewise been held that an essential element of robbery is a larcenous intent. Odom v. State, Ala.Cr.App.,348 So.2d 277, cert. denied, Ala., 348 So.2d 282 (1977); Root v.State, 247 Ala. 514, 25 So.2d 182 (1946). An essential element of assault with intent to murder, which is not an element of robbery, is an intent to take life. Sanders v. State, Ala.Cr.App., 354 So.2d 44, cert. denied, Ala., 354 So.2d 48
(1977).
It is therefore apparent that the appellant committed two separate and distinct crimes which arose out of the same transaction, but which required two separate intents; one, the intent to rob, and the other, the intent to kill. Colston, supra. The evidence in the instant case also showed that after
the robbery was consummated and before the appellant left the scene, he repeatedly shot the victim and left him for dead. This was clearly proof of an additional fact to show the appellant's intent to kill which was not a required element of proof of the offense of robbery. See: Whitehead v. State,144 Ga. App. 836, 242 S.E.2d 754 (1978).
 II
Appellant argues alternatively that even if the two convictions are upheld, the sentences should run concurrently instead of consecutively. We disagree. The question of whether a sentence for conviction of a crime is to be consecutive or concurrent is within the sound discretion of the trial judge.Clift v. State, Ala., 352 So.2d 838 (1977). The case ofBlockburger v. United States, supra, quoting from Morey v.Commonwealth, 108 Mass. 433 (1871), is dispositive of this question:
 ". . . `A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment
under the other.' . . ." (Emphasis supplied.)
See also: Beckley v. State, Ala.Cr.App., 357 So.2d 1022 (1978);Brown v. State, 30 Ala. App. 27, 200 So. 630 (1941).
AFFIRMED.
All the Judges concur.