BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant was indicted for having a pistol in his possession after having been convicted of committing crimes of violence, to-wit: grand larceny and assault with intent to murder. Section 13-6-152, Code of Ala. 1975. The trial court fixed and imposed punishment at five years imprisonment. Judgment was entered. This appeal followed therefrom.
Appellant belatedly, but with implied approval of the court, filed a plea autrefois convict. The plea asserted that defendant had been theretofore convicted in the City Court of Tuscaloosa County of violating the “Uniform Firearms Act” on March 9, 1978.
Appearing in the appendix of the record here filed is a certified copy of a judgment of the City of Tuscaloosa, Alabama, against appellant on Count I of an information that was filed. This count charged appellant with violating the “Uniform Firearms Act.” The judgment was pronounced by the city recorder.
Appellant’s only contention of reversible error is that the trial court after a hearing erred in overruling the plea of autrefois convict.
The term “Uniform Firearms Act” refers to Act No. 82, Acts of Ala. 1936, Ex. Sess., approved April 6, 1936, and carried forward in the 1940 Code in Title 14, §§ 172 through 186, now §§ 13-6-150 through 13 — 6—164, Code of Ala. 1975.
The judgment entry from the municipal court specifying that the appellant was convicted of violating the “Uniform Firearms Act” does not apprise this court of which of the several provisions of that act the appellant was convicted. Some of the crimes enumerated in the “Uniform Firearms Act” concern committing a crime while armed with a pistol; possessing a pistol after having been convicted of a crime of violence; ownership of a pistol by a person who is a drug addict or habitual drunkard; carrying an unlicensed pistol in a vehicle or concealed about one’s person; and other various prohibitions.
In the instant case, the appellant was convicted of possessing a pistol after having been convicted of committing crimes of violence pursuant to § 13-16-152, Code of Ala. 1975, which is only one of the several crimes set out in the “Uniform Firearms Act.” His plea of autrefois convict, therefore, does not show that his prior conviction in the municipal court was for the same crime in fact and in law as the one for which he now stands convicted in the circuit court. Brown v. State, Ala.Cr.App., 367 So.2d 557 (1978).
We hold the trial was free of error and the judgment is due to be affirmed. It is so ordered.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a Retired Circuit Judge, serving as a judge of this court, under the provisions of § 6.10 of the new Judicial Article (Constitutional *997 Amendment No. 328); his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.