DeCARLO, Judge.
Robbery; life imprisonment.
A motion has been filed by the State to strike the court reporter’s transcript of evidence and to dismiss the appeal on the basis that the transcript was not filed with the clerk of the circuit court within the time allowed by law. Under Rule 2, A.R. A.P., we exercise our discretion and review the record.
The facts in this case, with the following exceptions, are the same as those reported in Williams v. State, Ala.Cr.App., 384 So.2d 1205, released this date.
Daisy Johnson testified that the register she was operating at the time of the robbery contained money and that the money belonged to Delchamps’ store. She testified, on cross-examination, as follows:
“Q. And there was money in that cash register, is that right?
“A. Yes.
“Q. Who’s money was that?
“A. Delchamps.
“Q. Are you aware that the indictment in this case charges that the money that was taken that night was the property of Daisy Johnson?
“A. Well, it was Delchamps’ money, but I was running the register.
“Q. But you did not own the money?
“A. (No response).
“Q. Have you owned any money in that register, any money of your own?
“A. My personal money?
“Q. Yes, ma’am.
“A. No.”
During further questioning, Johnson testified:
“Q. Ms. Johnson, again on the cash register, were you in charge of that cash register and the money contained therein?
“A. Yes, I was.
“Q. And you were responsible for it?
“A. Then it was in your possession.”
Wayne Bullard, the assistant manager of Delchamps, testified that after he arrived at the store on October 9, 1974, he checked the cash registers and determined that $630.00 was missing from the cash register operated by Daisy Johnson. Further, he stated that no money was missing from the other cash registers.
The remaining testimony in this case is precisely the same as that given in Williams v. State, supra, and we will not burden this opinion by repeating those facts.
I
The appellant asserts that there was a material variance in the allegations of the indictment and the proof offered by the State. He maintains, first, that the State failed to prove that the property taken belonged to Daisy Johnson, and, second, that *260 the State failed to prove that the amount taken was in fact $630.00.
The law in Alabama as enunciated in Hobbie v. State, Ala.Cr.App., 365 So.2d 685, is well settled that the ownership of stolen property may be laid in the party in possession either as the owner, bailee or agent. No material variance exists where the indictment charges that the property taken was that of a named individual when the proof later shows that the property in reality belonged to another or to a corporation. The indictment is proper when it shows the party in possession. Hobbie, supra.
In the present case, as can be seen from the quoted portions of the record, Johnson stated that the money taken from the register belonged to Delchamps, but she added that she was in charge of the register and that the money was in her possession. Under these facts, we fail to see any material variance.
Regarding the specific amount of money taken, the State proved that the assistant manager, after he checked the register assigned to Mrs. Johnson, determined that $630.00 had been taken. As Judge Cates indicated in Duncan v. State, 46 Ala.App. 165, 239 So.2d 237, although the State, in a robbery, may not be able to prove the exact amount taken, it is sufficient if the State shows that something of value was taken by force.
Under the facts in the case at bar, the State did prove that a robbery had occurred, that the men who committed the robbery were armed and that they took money by force and violence. Also, the State showed, through Daisy Johnson, that a man armed with a pistol had taken money from the register after pointing the pistol at her. See also, Mays v. State, Ala.Cr. App., 335 So.2d 246.
Based on the foregoing, it is our judgment that the defendant’s motion to exclude the State’s evidence was properly overruled.
II
The appellant contends that the trial court erred in “striking his plea of autrefois convict.” He argues that he was put in jeopardy a second time in the present case when he was tried for robbery after being previously convicted of first degree murder, the two offenses growing out of events from the same transaction.
The Alabama Supreme Court has addressed the identical issue in Colston v. State, Ala.Cr.App., 350 So.2d 337. In Colston, the appellant, first, was tried and convicted for robbing a grocery store, and, later, was tried and convicted for first degree murder of the store’s cashier. Colston raised the issue of double jeopardy, and the Supreme Court held that the robbery for which Colston was previously convicted was different in law and fact from the murder for which there was a later trial and conviction.
The Alabama Supreme Court, in relying on Racine v. State, 291 Ala. 684, 286 So.2d 896, pointed out the rule:
“A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea. And this is true even if both cases are founded on the same facts but the crimes charged were not the same in law.” [Citations omitted].
See also, Clift v. State, Ala.Cr.App., 352 So.2d 836, and Brown v. State, Ala.Cr.App., 367 So.2d 557.
From the facts in the present case and those recited in Williams v. State, supra, it is clear that the appellant was a participant in the robbery of the Del-champs’ store in Montgomery, Alabama. Further, there was evidence that, due to his assistance, money was taken from the register of Daisy Johnson. Also, there was evidence of aiding and abetting in the killing of Crawford Herring.
From these facts, it is our judgment that the appellant’s plea of autrefois convict was properly dismissed and that the plea of double jeopardy, under the facts of this case, is in conflict with the law.
*261 III
The appellant insists that, because he received life sentences in the murder case, Ala.Cr.App., 384 So. 1205, and in the robbery case, [the case under review] these sentences should have been designated as concurrent sentences.
In support of this contention, he has cited Burress v. State, 56 Ala.App. 414, 321 So.2d 752; Yelton v. State, 56 Ala.App. 272, 321 So.2d 234, and Gray v. State, Ala.Cr.App., 338 So.2d 444.
The law in Alabama is clear on the designation of concurrent sentences. The Alabama Supreme Court in Clift v. State, supra, observed:
“[W]hether a sentence for a conviction of crime is to be consecutive or concurrent generally is a matter addressed to the sound discretion of the trial judge.”
In Luquire v. Holman, 279 Ala. 203, 183 So.2d 799, the Alabama Supreme Court noted:
“When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, unless it is specifically ordered in the judgment entry that such sentences be served concurrently, such sentences shall be cumulative and shall be served consecutively.”
Therefore, in the absence of some wording denoting a concurrent sentence, the appellant’s sentences of life for murder and, in the present case, life for robbery are consecutive sentences. Bradley v. State, 53 Ala.App. 483, 301 So.2d 247; Lee v. State, Ala.Cr.App., 349 So.2d 138.
IV
The appellant has raised in this appeal, several of the questions which he had previously raised in Williams v. State, supra Ala.Cr.App., 384 So.2d 1205. These questions have been addressed and will not be repeated in the present opinion.
We have examined this record and transcript of evidence and have found no error prejudicial to the defendant. Therefore, the judgment of conviction by the Montgomery Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.