JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Baldwin County returned an indictment for cattle theft against the appellant, Bill Hiñóte; he entered a plea of not guilty, was found guilty as charged, and duly sentenced to 6 years imprisonment.
The appellant was at all proceedings in the trial court represented by counsel of his choice, and is so represented in this Court. This appeal was submitted to this Court on briefs.
The appellant states in his brief that the trial court erred to his prejudice by improperly overruling his motions to exclude state’s evidence, and for a new trial because: 1st. The state failed to prove the ownership of the calves as laid in the indictment. 2nd. Failed to prove that the aspor-tation of the calves was without the owner’s consent. 3rd. Failed to prove the *117 calves appellant had possession of were the same calves he was indicted for feloniously taking.
State’s evidence tended to prove that state’s witness, Laurence Lipscomb, was manager of Robertsdale Livestock Auction, a bonded livestock auction business situated in Baldwin County, Alabama, engaged in the business of selling cattle; that when a customer brought cattle and put them in the auction, the cattle became the responsibility of the auction until they were sold, and the owner paid; that on the night of July 17, 1979 ten head of feeder cattle out of a consignment of thirty were stolen from a pen in the auction barn; that the auction had a good description of the missing cattle because they had been individually tagged on both sides with tags glued on, weighed, and run through the auction on Monday, July 16, 1979; that four of the ten head of cattle that had been stolen from the Rob-ertsdale Auction barn were returned to the Robertsdale Auction barn from Montgomery and Andalusia, Alabama, and were identified by Mr. Lipscomb as being four of the ten head of the cattle that had been stolen from the Robertsdale Auction barn on the night of July 17, 1979; that when the four head of cattle were returned to the Robertsdale Auction barn on July 18, 1979, they had identifying tags of Frisco City Stockyard glued to each of the four, and spots of glue at the place where Roberts-dale Auction placed tags on the cattle that were sold through its auction.
State’s evidence further tended to prove that Sherman Hinote was engaged in the business of buying and selling cattle; that on Wednesday, the 18th day of July, 1979, he attended the cattle auction held in Frisco City, at which place he saw the appellant, Bill Hinote, buy two head of cattle; that he, Sherman Hinote, bought cattle at Frisco City most every Wednesday.
State’s evidence further tended to prove that Norman Ray Harvill was and had been a friend of the appellant for the past ten or twelve years. That on or about July 19, 1979 he went with the appellant from Bay Minette to the Frisco City cattle auction where the appellant sold some cows, and bought some cows; that the appellant bought a little calf for Harvill to give his son; that the appellant drove appellant’s pickup truck, with a red cattle trailer hitched to it that had five head of cattle in it, from Bay Minette to Frisco City Cattle Auction where the appellant sold the cattle, and received a check for $1,300.00 from Frisco City Auction.
State’s evidence further tended to prove that Benny Schumack was employed with the Farmers Co-op Livestock Auction in Frisco City in July, 1979, and remembers the occasion when the appellant ran some cattle through the auction, bought some cattle, and was paid the difference in the amount of the cattle sold and the cattle bought; that some of the cattle that the appellant sold in the Frisco City auction went to a buyer that goes by the name of Prairie Land in Montgomery, Alabama, and that some of the others to a buyer known as Stokes and Brogden in Andalusia, Alabama; that the cattle the appellant sold through the Frisco City Auction, and went to Montgomery and Andalusia, could be specifically identified by the numbers on the tags that were put on the cattle by the Frisco City Auction; that Frisco City Auction was not paid for four head of the cattle that the appellant brought in and were sold, and that two went to Montgomery and two went to Andalusia.
State’s evidence further tended to prove that Randall Jones worked for Robertsdale Livestock Auction during the middle of July, 1979 when the cattle came up missing from the Robertsdale Auction barn; that the time they were missing was the time between the Robertsdale sale and the Frisco City sale; that he attended the Frisco City sale that week, and he saw the appellant there; that Jones went to Montgomery where he saw two head of cattle that had Frisco City tag markers with numbers on them, and had glue on both sides at the place where Robertsdale Cattle Auction places its tags on sale cattle; that he brought the two head of cattle from Montgomery back to Robertsdale at which time *118 they both had Frisco City identifying tags glued on them; that all Frisco City auction tags have 64FA followed by numbers on them, and all Robertsdale auction tags have 64RC followed by numbers on them; that Robertsdale Livestock Auction is situated in Baldwin County, Alabama. State rested.
Appellant moved the court to exclude all of the state’s evidence which motion was overruled. The appellant offered no evidence in his behalf, and filed a motion for a new trial which was overruled.
The first matter complained of by appellant in his brief is that the state failed to prove the ownership of the cattle as laid in the indictment. The indictment charged that the animals taken were the personal property of Laurence Lipscomb. The evidence was sufficient for the jury to find that Laurence Lipscomb was the manager of Robertsdale Livestock Auction; that the stolen cattle were taken from a pen of thirty head of feeder cattle in the barn of Robertsdale Livestock Auction, and were in the possession of Lipscomb as such manager at the time they were taken.
Larceny is an offense against the possession of personal property. We hold that the trial court did not err to the prejudice of the appellant when it overruled his motion to exclude state’s evidence, and motion for a new trial. Williams v. State, Ala.Cr.App., 387 So.2d 258; certiorari denied, Ala., 387 So.2d 261; Hubbard v. State, Ala.Cr.App., 374 So.2d 427; Bell v. State, Ala.Cr.App., 364 So.2d 420; certiorari denied, Ala., 364 So.2d 424.
Appellant’s second contention in his brief is that the state failed to prove that the cattle were taken without the consent of their owner. The nonconsent to the taking of property of another may be established by circumstantial evidence as in the case of proof of any other issue of fact. After an examination of the record in this case, we are of the opinion that considering all the facts and circumstances, the trial court correctly submitted the question to the jury, and did not err when it overruled appellant’s motion to exclude state’s evidence, and motion for a new trial. Coates v. State, 36 Ala.App. 371, 56 So.2d 383; Johnson v. State, 41 Ala.App. 351, 132 So.2d 485; Davis v. State, 44 Ala.App. 284, 207 So.2d 649; Higginbotham v. State, 54 Ala. App. 633, 312 So.2d 31; certiorari denied, 294 Ala. 759, 312 So.2d 45.
The third matter complained of in appellant’s brief is that the state failed to prove that the calves appellant had possession of were the same calves he was indicted for taking. State’s witness, Lipscomb, testified that when four of the ten head of feeder cattle that had been stolen from the Rob-ertsdale Auction barn were returned to Robertsdale Auction barn on July 18, 1979, they had Frisco City Auction identifying tags glued on them, and spots of glue where Robertsdale Auction placed Robertsdale Auction tags on cattle that went through its sale, and identified them as four of the ten stolen from Robertsdale barn on the night of July 17, 1979. Schumack who worked for Frisco City Auction testified that the appellant ran the cattle through its sale, and was paid for them by Frisco City Auction. The appellant offered no evidence as to how he came into possession of the stolen cattle.
When there is evidence from which the jury can by fair inference find the defendant guilty, this Court should not disturb the verdict. In this case there was sufficient evidence for the trial court to submit to the jury, and to sustain its verdict of guilty as charged.
We hold that the trial court did not err to the prejudice of the appellant when it overruled his motion to exclude state’s evidence, and for a new trial. Clark v. City of Mobile, Ala.Cr.App., 357 So.2d 675; Allen v. State, Ala.Cr.App., 382 So.2d 11; certiorari denied, Ala., 382 So.2d 25.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this *119 Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.