TAYLOR, Judge.
Appellant Freddie Lee Wooten appeals from the denial without a hearing of his petition for writ of habeas corpus. He contends that at the time of his underlying convictions he had inadequate representation of counsel, and that his guilty plea was taken after coercion by jail personnel. These allegations might present grounds for a writ of error coram nobis, but not for habeas corpus relief. See Hobson v. State, 425 So.2d 511 (Ala.Cr.App.1982).
His other contention presents a question of law rather than of fact. The sentencing court in this case sentenced appellant for several different crimes. He was sentenced to 15 years for manslaughter in violation of § 13A-6-3. He was sentenced to life imprisonment for burglary in violation of § 13A-7-6. He was sentenced to 15 years in each of two cases of burglary, third degree, in violation of § 13A-7-7 and to 15 years for theft of property, second degree, in violation of § 13A-8-4. The sentencing court then ordered that of his manslaughter term of 15 years, 5 years were to run concurrently with his other sentences and that 10 years were to run consecutively to his second degree burglary sentence. The question presented is whether the court had the authority to direct that part of a sentence shall run concurrently with other sentences while part of that same sentence shall be consecutive to another sentence?
This court held in Brown v. State, 367 So.2d 557 (Ala.Cr.App.1978), writ denied, Ex parte Brown, 367 So.2d 559 (Ala.1979), that “[tjhe question of whether the sentence for a conviction of crime is to be consecutive or concurrent is within the sound discretion of the trial judge.” We have also stated in Wright v. State, 423 So.2d 345 (Ala.Cr.App.1982), that:
“Where punishment is properly imposed within the limits defined by the punishing statute, this court is without jurisdiction to review the punishment. Fagan v. State, Ala.Crim.App., 412 So.2d 1282 (1982). Therefore no error is presented for review.”
We find in this case, that the punishment imposed is within the limits defined by the statute. We further hold that the sentencing court did not err in electing to cause a portion of the penitentiary sentence to be treated as concurrent with another sentence while another portion of that sentence was to be treated as consecutive to the other sentence. In so doing, contrary to appellant’s contention, he has not been sentenced twice for the same crime. The sentence was within the discretion of the sentencing court.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.